NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MCCLELLAND,<br><br>Plaintiff,<br><br>v.<br><br>SAINT PETER'S UNIVERSITY,<br><br>Defendant. | Civil Action No.: 15-245 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss Plaintiff's complaint by Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is premised upon 28 U.S.C. § 1331. *See* ECF No. 1 ("Compl.") at 1. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties in support of and in opposition to the motion, the Court grants Defendant's motion to dismiss.

**I.      BACKGROUND**

Mr. McClelland is a *pro se* plaintiff. He is bringing claims against Defendant "for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681[, ] [a]nd 504 of the Federal Rehabilitation Act." *Id.* Plaintiff's claims arise out of two events.

The first event occurred in late 2009. On December 10, 2009, Plaintiff was sexually assaulted in his dorm room on Defendant's campus. *Id.* at 2. Plaintiff alleges that, after the assault, Defendant did not offer the support and services that it was required to offer him, including "mental health counseling, legal resources, and

1

[reporting] the incident to [the] Jersey City Police Department or the Hudson County Prosecutor's Office." *Id.* at 2-3. Plaintiff acknowledges that Defendant did immediately expel the student, and that Plaintiff was offered the opportunity by Defendant to continue in his room without a new roommate (which he accepted). *Id.* at 2. Plaintiff claims that Defendant's response to his assault violated Title IX.

The second event occurred in 2011. In October 2010, Plaintiff was arrested as a result of "an explicit and inappropriate conversation online with a detective posing as a 'minor.'" *Id.* at 3. Plaintiff asserts that he was not on Defendant's campus at the time the crime was committed. *Id.* Nevertheless, as a result of his arrest, Plaintiff was suspended from Saint Peter's in July 2011. *Id.* at 4. Plaintiff alleges that his 2011 suspension violated Title IX and Section 504 of the Federal Rehabilitation Act. *Id.* at 5.

Plaintiff further alleges that the school "now" has "a Conduct Board in place for any severe issues that need to be addressed," and that he was not afforded the procedures now in place. *Id.* Finally, Plaintiff alleges that he has "reached out to the current Dean of Students and requested that the school re-examine the dismissal." *Id.* Plaintiff does not identify when this occurred or what, if any, claims that he is bringing based on the denial of re-examination.

In his briefing, Plaintiff attempts to assert additional claims and provide additional facts. It is well settled that the pleadings may not be amended through briefing. *See Common wealth of Pa. ex. Rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The Court, therefore, has only considered the arguments related to Plaintiff's Title IX and Section 504 claims related to the 2009 assault and 2011 suspension. Defendant argues that Plaintiff's Title IX and Section 504 claims are time-barred, and that, even if

2

they are not barred, they fail to state a claim.

## II. LEGAL STANDARDS.

Under Rule 8(a), for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Burtch*, 662 F.3d at 220 (quoting *Twombly*, 550 U.S. at 555) (alteration in *Twombly*).

With respect to Defendant's statute of limitations arguments, "[i]f the [statute of limitations] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011) (alteration in original). Thus, a complaint will only be dismissed on statute of limitations grounds where the plaintiff affirmatively has "pleaded himself out of court." *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d. Cir. 2014).

### III. DISCUSSION

#### A. Title IX

To state a claim under Title IX for peer sexual harassment, a plaintiff must allege that the defendant was "deliberately indifferent" to the harassment. *See Doe v. Bellefonte Area School Dist.*, 106 F. App'x 798, 799 (3d Cir. 2004) (citing *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999)). "Deliberate indifference to acts of peer sexual harassment arises only where the school district's response or lack of response to the harassment is clearly unreasonable in light of the known circumstances." *Id.* This rule does not require specific action by the school. *Id.*

Here, Plaintiff has not alleged deliberate indifference by Defendant, or explained the basis for his argument that Defendant was required to offer the support and/or services that he alleges were not offered. Instead, Plaintiff cites to recent articles and government reports regarding sexual violence on campuses. *See* Pl.'s Opp'n at 5-6. Plaintiff does not explain how such arguments or articles are relevant to Defendant's actions in 2009. Plaintiff does not cite to any law supporting the position that his allegations as pled state a claim under Title IX. On the other hand, Plaintiff acknowledged in his complaint that Defendant took immediate action to respond to the incident and remove the threat of reoccurrence. For these reasons, the Court agrees with Defendant that Plaintiff's allegations are insufficient to state a Title IX claim.

The Court also agrees with Defendant that Plaintiff's Title IX claim based on the 2009 assault is time-barred. Plaintiff acknowledges that "the two year statutory limitations have passed on a state level and [that] the United States Third Circuit has upheld that Title IX claims are subject to a two year statute of limitations." Pl.'s Opp'n

at 2. However, Plaintiff argues that "there is no explicit statute of limitations within its [Title IX] provisions." *Id.* He argues the same is true for Section 504. *Id.* Thus, it appears that he disagrees with the Third Circuit that a two-year limitations period applies and is asking this Court to ignore controlling precedent, which it declines to do.

Plaintiff's assault occurred in December 2009—well over two years ago. Although his briefing is unclear, reading his briefing and the complaint in the most liberal light given Plaintiff's *pro se* status, it appears that he argues that any limitations period is tolled because of the discovery rule. *See* Pl.'s Opp'n at 3. He does not offer any explanation for how the assault-based claim could be tolled. Discrimination claims accrue under the discovery rule when the injury was knowable through the exercise of reasonable diligence. *See Oshiver v. Levin*, 38 F.3d 1380, 1388 (3d Cir. 1994) ("[The 'polestar' of the discovery rule is not the plaintiff's actual knowledge of injury, but rather whether the knowledge was known, or through the exercise of reasonable diligence, knowable to the plaintiff."). For example, in a case of alleged wrongful discharge, the Court in *Oshiver* held that "for purposes of the discovery rule, [the plaintiff] discovered the injury" when informed of the discharge. 38 F.3d at 1390-91. The *Oshiver* Court further noted that whether "Oshiver may have been deceived regarding the underlying motive behind her discharge is irrelevant for purposes of the discovery rule." *Id.* at 1391.

Here, with respect to the 2009 assault, Defendant was aware, in 2009 or early 2010 at the latest, of the services and support Defendant provided in response to the assault and what it did not do for him. Thus, any claim based on a failure to provide

5

services accrued when those services were not provided, well over two years ago. The Court, thus, dismisses his Title IX claim based on the 2009 assault with prejudice.[1]

### B. Section 504 of the Federal Rehabilitation Act

Plaintiff's Section 504 claim appears to be based on his 2011 suspension. Section 504 provides, in relevant part, as follows:

> No otherwise qualified individual *with a disability in the United States, as defined in section 705(20) of this title*, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . .

29 U.S.C. § 794(a) (emphasis added). Therefore, in order to bring a Section 504 claim, the plaintiff must be disabled within the meaning of the statute. Plaintiff does not allege a disability, and he does not claim that Defendant discriminated against him because of a disability. This is fatal to his claim.

Additionally, as with his claim based on the 2009 assault, Plaintiff has affirmatively pled facts establishing an out-of-time accrual date. Plaintiff asserts that he received a letter from Defendant informing him of his suspension in 2011. Plaintiff alleges that the Dean informed him in the letter that the suspension was a result of the conviction and "because [he] broke the 'Student Code of Conduct.'" Compl. at 4. He alleges that his "conduct did not have anything to do with being on campus" as he was not on campus at the time of the acts for which he was convicted. *Id.* at 3-4. These allegations make clear that Plaintiff knew at the time of the letter in 2011 that he was being suspended based in part on a ground that he believed was not accurate. Thus, as of

---

[1] Plaintiff also claims that a statement by the Dean of the university related to his 2011 suspension also violated Title IX. Because the Court is unclear of the basis of this claim, it dismisses this claim pursuant to Rule 8(a) without prejudice.

6

that date, any claim related to wrongful suspension accrued. The Court also will dismiss Plaintiff's Section 504 claim based on the 2011 suspension with prejudice.

### C. Other Allegations

Plaintiff makes allegations in his complaint related to subsequent efforts to have his suspension re-examined. It is not clear to the Court if he is asserting separate claims related to these allegations so the Court has does not addressed these allegations as the basis for separate claims. Additionally, in his briefing, he seeks to assert new claims not mentioned in the present complaint.

Because of Plaintiff's *pro se* status, the lack of clarity of his complaint, and his argument related to additional causes of action, the Court will grant Plaintiff an opportunity to amend the complaint. However, given that Plaintiff seeks to add entirely new claims (which Defendant argues are also flawed and therefore futile), if Plaintiff wishes to amend his complaint, he must file a motion to amend in accordance with the rules of this Court.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. Plaintiff's Title IX and Section 504 claims based on the 2009 assault and 2011 suspension are dismissed with prejudice. Plaintiff is granted leave to file a motion to amend his complaint in accordance with the rules of this Court. If he fails to file such a motion by **February 5, 2016**, his complaint will be dismissed with prejudice in its entirety. An appropriate Order accompanies this Opinion.

DATED: January 7, 2016

JOSE L. LINARES
U.S. DISTRICT JUDGE